Leech, J., dissenting: The majority hold that the notes of a face value of $66,668' which were not due and were not paid by Davis in 1939 are taxable income to petitioner in that year at that value. They support this conclusion on the premise that petitioner constructively received these notes in 1939 when given as “collateral” to petitioner’s obligation to Kellogg, and that despite this latter condition the petitioner then realized taxable income in the amount of the face value of the notes, on the ground that petitioner has not overcome the presumption of correctness attaching to the respondent’s determination that the fair market value of the notes was then equal to their face value. The doctrine of realization of taxable income by its constructive receipt, of course, is to be sparingly applied. There does not seem to me to be any ground upon which this rule can be applied tp petitioner here. * * * if income has neither actually been received during the taxable year, nor the right to its receipt been definitely fixed during that year as to both the existence of an obligation on the part of the payor and the amount to be paid, such income is properly to be allocated only to that year in which it was in fact received or in which the right to receipt became fixed and liquidated. * * * [Commissioner v. Darnell, 60 Fed. (2d) 82. 84]. See also North American Oil Consolidated v. Burnet, 286 U. S. 417, and Franklin County Distilling Co. v. Commissioner, 125 Fed. (2d) 800. As the majority concede, the notes in controversy were not received by Kellogg, absolutely. They were received by Kellogg, not m payment of but, as collateral to petitioner’s obligation. Dnder such conditional receipt no value represented by the notes could have been used by Kellogg, by their sale or otherwise, to reduce or discharge petitioner’s obligation unless and until petitioner defaulted. That use is the only premise upon which to support a finding that petitioner realized taxable income by the constructive receipt of the notes m 1939. But petitioner admittedly did not default on its obligation to Kellogg during that year nor at any other time. Thus any value represented by these notes could not have been used in the taxable year nor was it then ascertainable whether any such value could be used in the future to benefit the petitioner. The basis for holding that petitioner realized anything by constructive receipt of the notes in 1939 therefore falls. The majority apparently attempt to meet this argument by holding that, in any event, petitioner has failed to prove the notes were worth less than face value as determined by respondent. This holding, if correct, would dispose of the question but only if the constructive receipt theory were abandoned and the decision premised on actual receipt of the notes by petitioner and its voluntary delivery of them to Kellogg. The record, I think, amply proves that the notes were without fair market value in 1939. I doubt their negotiability. Each of them on its face was subject to the terms of a deed of trust on the properties, executed by Davis, and that deed of trust was expressly made subject to the contract under which Davis & Co. could return the properties and recover the consideration paid therefor, together with interest thereon. And, at the close of 1939. Davis & Co. was seriously considering doing just that. But more important, petitioner did not voluntarily deliver the notes to Kellogg as “collateral” and therefore can not be held to have received them in fact. It can no more be said that petitioner received the notes absolutely than did Kellogg. They were all drawn to Kellogg. They could not have been sold by petitioner. They could have been used by petitioner in no other way than they were used — by the delivery to Kellogg as “collateral” to petitioner’s obligation. I do not think petitioner is taxable as having received the face value of the unpaid notes in 1939. See Nunnally Investment Co. v. United States, 36 Fed. (2d) 332; affd., 316 U. S. 258; Dudley T. Humphrey, 32 B. T. A. 280.